OPINION
{¶ 1} Nellie Vesta Gibson died on January 14, 1994, leaving her property to three grandchildren, Robin Gibson and appellants, Vickie DeMattio and Carol Gibson. Appellant DeMattio was named executrix of the estate. To assist her in handling the estate, appellant DeMattio retained the services of appellee, Turner, May Shepherd. Appellant DeMattio discharged appellee in August of 1996.
 {¶ 2} Appellee billed appellant DeMattio $11,507.50 for services rendered. Following negotiations, the Tuscarawas County Probate Court, Case No. 94ES47269, granted appellee fees in the amount of $10,000.00. Appellant DeMattio paid appellee $7,000.00, leaving a balance of $3,000.00.
 {¶ 3} On June 23, 1997, appellant DeMattio filed a final account on the estate, claiming all fees had been paid. A copy of a bank check made out to appellee in the amount of $3,000.00 was included in the final account, but the check was never delivered to appellee and was subsequently cancelled and used by appellant DeMattio.
 {¶ 4} Following a motion to reopen the final account filed by appellee, the probate court held a hearing on December 12, 2000. By judgment entry filed December 21, 2000, the probate court found appellant DeMattio had falsified the final account with the intent to deceive and awarded appellee $9,790.47 as against appellant DeMattio.
 {¶ 5} Sometime after this judgment, appellant DeMattio met with her sister, appellant Gibson, to discuss the outstanding debts on the real property associated with the estate. Thereafter, appellant DeMattio conveyed to appellant Gibson her one-third interest in the real property she had inherited from the estate. A subsequent sale of a small part of this property paid the outstanding debts except for the amount owed to appellee. The excess proceeds from the sale were given to appellant Gibson.
 {¶ 6} On December 30, 2003, appellee filed a complaint against appellants seeking to set aside the real estate conveyance from appellant DeMattio to appellant Gibson on the basis of fraud. Appellee sought punitive damages and attorney fees. On August 4, 2004, appellee filed a motion for summary judgment. By judgment entry filed October 13, 2004, the trial court found a fraudulent conveyance and entered summary judgment in favor of appellee.
 {¶ 7} A bench trial on the issues of punitive damages and attorney fees was held on March 10, 2005. The trial court ordered post-trial briefs on the issues. On March 30, 2005, appellants filed a renewed motion to dismiss the complaint. By judgment entry filed April 14, 2005, the trial court denied the motion. On May 12, 2005, the trial court filed its judgment entry, awarding appellee as against appellants, jointly and severally, $5,000.00 as and for punitive damages and $20,627.00 as and for attorney fees.
 {¶ 8} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 9} "THE TRIAL COURT COMMITTED ERROR IN AWARDING SUMMARY JUDGMENT AGAINST THE DEFENDANTS-APPELLANTS, VICKIE DEMATTIO AND CAROL GIBSON."
 II {¶ 10} "THE APPELLEE IS NOT ENTITLED TO RECOVER TWICE FOR SERVICES RENDERED AS ATTORNEY FEES, AND FOR WHICH REASON, A MOTION TO DISMISS WAS MADE AT THE CLOSE OF APPELLEE'S CASE, AND THE CONCLUSION."
 III {¶ 11} "THE JUDGMENT RENDERED BY THE PROBATE COURT OF TUSCARAWAS COUNTY IS RES JUDICATA AS TO DAMAGES AND THE ISSUES SET FORTH IN SAID JUDGMENT."
 IV {¶ 12} "THE APPELLEE HAS FAILED TO FILE THE ACTION WITHIN THE TIME ALLOWED BY LAW."
 I {¶ 13} Appellants claiming the trial court erred in granting summary judgment for appellee on the issue of fraudulent transfer. We disagree.
 {¶ 14} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins,75 Ohio St.3d 447, 448, 1996-Ohio-211:
 {¶ 15} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex.rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 16} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35.
 {¶ 17} R.C. Chapter 1336. governs fraudulent transfers. R.C.1336.04(A) states the following:
 {¶ 18} "(A) A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor, whether the claim of the creditor arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation in either of the following ways:
 {¶ 19} "(1) With actual intent to hinder, delay, or defraud any creditor of the debtor;
 {¶ 20} "(2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and if either of the following applies:
 {¶ 21} "(a) The debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction;
 {¶ 22} "(b) The debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due."
 {¶ 23} In determining actual intent under this statute, a trial court may consider all relevant factors, including, but not limited to, the following:
 {¶ 24} "(1) Whether the transfer or obligation was to an insider;
 {¶ 25} "(2) Whether the debtor retained possession or control of the property transferred after the transfer;
 {¶ 26} "(3) Whether the transfer or obligation was disclosed or concealed;
 {¶ 27} "(4) Whether before the transfer was made or the obligation was incurred, the debtor had been sued or threatened with suit;
 {¶ 28} "(5) Whether the transfer was of substantially all of the assets of the debtor;
 {¶ 29} "(6) Whether the debtor absconded;
 {¶ 30} "(7) Whether the debtor removed or concealed assets;
 {¶ 31} "(8) Whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
 {¶ 32} "(9) Whether the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;
 {¶ 33} "(10) Whether the transfer occurred shortly before or shortly after a substantial debt was incurred;
 {¶ 34} "(11) Whether the debtor transferred the essential assets of the business to a lienholder who transferred the assets to an insider of the debtor." R.C. 1336.04(B).
 {¶ 35} Under the undisputed facts presented, we find the trial court did not err in finding that a fraudulent conveyance occurred. The undisputed facts are as follows:
 {¶ 36} 1. A judgment entry for attorney fees was entered by the Tuscarawas County Probate Court on December 21, 2000, for $9,790.47 against appellant DeMattio.
 {¶ 37} 2. In her answer filed January 20, 2004, appellant DeMattio admitted to not paying the debt.
 {¶ 38} 3. In her deposition, appellant DeMattio admitted that she conveyed to her sister her share of the real estate that she inherited and no consideration was involved in the transfer. DeMattio depo. at 24, 32-33.
 {¶ 39} 4. Appellant DeMattio admitted the transfer rendered her insolvent since 1999. Id. at 27.
 {¶ 40} 5. The value of the one-third interest in the property transferred was in excess of the $9,790.47 judgment.
 {¶ 41} Upon review, we find these facts conclusively establish a fraudulent transfer and the trial court did not err in so finding.
 {¶ 42} Assignment of Error I is denied.
 II {¶ 43} Appellant claims the trial court's May 12, 2005 judgment entry awarding attorney fees to appellee is a double recovery of the December 21, 2000 judgment of the probate court. We disagree.
 {¶ 44} In its judgment entry of October 13, 2004, the trial court specifically found the award of $9,790.47 was not a duplication of the probate court judgment:
 {¶ 45} "ORDERED, ADJUDGED AND DECREED that Judgment is entered, Summary in nature, in favor of the Plaintiff, Turner, May Shepherd and against Defendants Vickie L. DeMattio and Carol Gibson, jointly and severally, on the Fraudulent Conveyance claim resulting in Judgment being awarded to Plaintiff and against Defendants, jointly and severally, in the amount of Nine Thousand Seven Hundred Ninety Dollars and 47/100 Cents ($9,790.47) to bear interest at the legal rate from the date of judgment.
 {¶ 46} "ORDERED, ADJUDGED AND DECREED that this Judgment, as it pertains to Defendant Vickie L. DeMattio, is not duplicative of the Judgment awarded to Plaintiff and against Defendant Vickie L. DeMattio by the Probate Division of this Court on 12/21/2000. The award of Summary Judgment to Plaintiff and against Defendant Vickie L. DeMattio in this regard is simply an acknowledgement that the Judgment was issued against Defendant Vickie DeMattio and in favor of Plaintiff and this Court endorses. The Court notes, however, that the Judgment rendered against Carol Gibson is novel."
 {¶ 47} The attorney fees awarded in the May 12, 2005 judgment entry were fees associated with the separate civil action for fraudulent conveyance and subsequent punitive damages:
 {¶ 48} "3. The fraud perpetrated upon Plaintiff by Defendants Demattio and Gibson is sufficient to constitute an aggravated or egregious fraud.
 {¶ 49} "4. The Plaintiff is entitled to an award of attorney's fees/legal expenses related to the pursuit of the Punitive Damages claim in this case.
 {¶ 50} "* * *
 {¶ 51} "ORDERED, ADJUDGED AND DECREED that a verdict is issued in favor of Plaintiff and against Defendants Demattio and Gibson regarding Plaintiff's claims of Punitive Damages. Judgment is awarded to the Plaintiff, Turner, May Shepherd, and against Defendants Vickie L. Demattio and Carol L. Gibson, jointly and severally, in the amount of Five Thousand Dollars ($5,000.00) against each Defendant to bear interest at the legal rate from the date of judgment.
 {¶ 52} "ORDERED, ADJUDGED AND DECREED that a verdict is issued in favor of Plaintiff and against Defendants Demattio and Gibson regarding Plaintiff's claim for an award of attorney's fees and that attorney's fees are awarded to Plaintiff Turner, May Shepherd, and against Defendants Vickie L. Demattio and Carol L. Gibson, jointly and severally, in the amount of Twenty Thousand Six Hundred Twenty-seven Dollars ($20,627.00)."
 {¶ 53} Based upon the foregoing, we find the trial court did not impose a duplicative award of attorney fees.
 {¶ 54} Assignment of Error II is denied.
 III {¶ 55} Appellants claim the probate court judgment on the issue of attorney fees for the estate is res judicata on the issue of attorney fees. We disagree.
 {¶ 56} Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. ParkmanTwp., 73 Ohio St.3d 379, 1995-Ohio-331, syllabus.
 {¶ 57} The present case is a fraudulent conveyance case requesting punitive damages. Under a punitive damage award, the award of attorney fees is for the prosecution of the punitive damage and compensatory damage claims.
 {¶ 58} We find no issue of res judicata applicable to the fraudulent conveyance/punitive damage claims.
 {¶ 59} Assignment of Error III is denied.
 IV {¶ 60} Appellants claim the trial court erred in not dismissing the action under the defense of statute of limitations. We disagree.
 {¶ 61} Appellants did not raise the affirmative defense of statute of limitations in their answer. In their motion to dismiss filed September 1, 2004, although the statute of limitations is alluded to, it is not argued as the basis for the motion.
 {¶ 62} R.C. 1336.09(A) sets forth the statute of limitations for a fraudulent transfer cause of action as follows:
 {¶ 63} "A claim for relief with respect to a transfer or an obligation that is fraudulent under section 1336.04 or 1336.05 of the Revised Code is extinguished unless an action is brought in accordance with one of the following:
 {¶ 64} "(A) If the transfer or obligation is fraudulent under division (A)(1) of section 1336.04 of the Revised Code, within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or reasonably could have been discovered by the claimant;
 {¶ 65} "(B) If the transfer or obligation is fraudulent under division (A)(2) of section 1336.04 or division (A) of section1336.05 of the Revised Code, within four years after the transfer was made or the obligation was incurred;
 {¶ 66} "(C) If the transfer or obligation is fraudulent under division (B) of section 1336.05 of the Revised Code, within one year after the transfer was made or the obligation was incurred."
 {¶ 67} Appellants' quit claim deed was filed on January 11, 2000 and the lawsuit commenced on December 30, 2003. It is clearly, although barely, within the four year time line.
 {¶ 68} Assignment of Error IV is denied.
 {¶ 69} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.
Farmer, J., Wise, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed. Cost to Appellant.